United States District Court
Southern District of Texas

**ENTERED**

October 19, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ESEQUIEL OCHOA, | § | |
| TDCJ #1328841, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-16-1081 |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice - Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Esequiel Ochoa (TDCJ #1328841) initiated this civil action by filing "Appellant's Motion for Certificate of Appealiability [sic] Second Application Pursuant to 5th Cir. R. 22 Under 28 [U.S.C.] § 2254," which the court has construed as a petition for a federal writ of habeas corpus ("Petition") (Docket Entry No. 1).[1] Now pending before the court is "Respondent Davis's Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d) with Brief in Support" ("Respondent's Motion") (Docket Entry No. 26), arguing that the Petition is barred by the governing one-year statute of

---

[1] Ochoa appears to have requested authorization from the Fifth Circuit to file a second or successive petition for habeas corpus relief. The Fifth Circuit noted that Ochoa's first federal habeas petition was dismissed without prejudice for lack of jurisdiction and denied his motion for authorization as unnecessary. See In re Esequiel Ochoa, No. 15-20488 (5th Cir. Nov. 19, 2015).

limitations.   In response, Ochoa has filed "Petitioner Ochoa's
First Objection to Respondent Lorie Davis['s] Motion to Dismiss
. . ." ("Ochoa's Response") (Docket Entry No. 35).   Ochoa has also
filed several motions, including:   "Petitioner's First Motion to
Obtain Documents and Records of Hearing and Transcripts . . ."
("Petitioner's   Discovery   Motion")   (Docket   Entry   No.   30);
"Petitioner's First Motion for Leave of Court to Amend His
Complaint/Ground Under Rule 15(A) Federal Rules of Civil Procedures
with Brief in Support" ("Petitioner's Motion for Leave") (Docket
Entry   No.   31);   "Petitioner's   First   Motion   Amending   to   His
Complaint-Ground   Pursuant   to   Fed.   Rules   Civil   Proc.   15(A)"
("Petitioner's Motion to Amend") (Docket Entry No. 32); "Motion for
Appointment   of   Counsel   Pursuant   to   18   [U.S.C.]   §   3006A(g)   and
(2)(B)" ("Petitioner's Motion for Appointment of Counsel") (Docket
Entry No. 36); "Motion for Bench Warrant" (Docket Entry No. 37);
"Motion for New Trial" (Docket Entry No. 38); and "Motion for
Objection/Miscarriage   of   Justice   to:   Respondent's   Motion   to
Dismiss" (Docket Entry No. 41).   After considering all of the
pleadings and the applicable law, the court will grant Respondent's
Motion, deny Petitioner's Motions, and dismiss this case for the
reasons explained below.

## I.  Procedural History

This case stems from two related indictments that charged
Ochoa with indecency with a child under the age of 17.  On May 24,

-2-

2004, a Harris County grand jury returned an indictment against Ochoa in cause number 983043, charging indecency with a child that occurred in 1995.[2]   On May 21, 2005, a grand jury returned a separate indictment against Ochoa in cause number 1026778, charging indecency with a child that occurred in 2000.[3]   The victim in both cases was Ochoa's daughter, K.O.

## A.   Ochoa's Trial

In September of 2005 cause numbers 983043 and 1026778 were tried together in the 263rd District Court for Harris County, Texas.   At the time of trial K.O. was a senior in high school, where she was an honor student taking advanced placement classes.[4] K.O. testified that Ochoa was a strict father who hit her with a belt or paddle on a daily basis.[5]   K.O. described an incident that occurred when she was home alone with her father one day during 1995, when she was seven years old.[6]   While she was in the livingroom watching television, Ochoa undid her pants and started

---

[2]Indictment, Docket Entry No. 27-8, p. 86; Docket Sheet, Docket Entry No. 27-8, p. 87.

[3]Indictment, Docket Entry No. 27-9, p. 50; Docket Sheet, Docket Entry No. 27-9, p. 51.

[4]Court Reporter's Record, vol. 2, part 1, Docket Entry No. 40-2, pp. 195-97.

[5]Court Reporter's Record, vol. 2, part 2, Docket Entry No. 40-3, pp. 1, 14.

[6]Id. at 2-6.

touching her vagina, moving his hand back and forth.[7]  When he finished, Ochoa threatened to kill her or give her "the beating of a lifetime" if she told anyone.[8]

On another occasion that occurred sometime during 2000, when K.O. was 12 years old, Ochoa came into K.O.'s room while the two were home alone.[9]  Ochoa sat behind K.O. on the bed while she was watching television and started massaging her.[10]  Ochoa then reached his hand under her shirt and bra and began squeezing her breasts.[11]  She heard him unzip his pants and then felt something like a body part hit her back.[12]  Again Ochoa told K.O. not to tell anybody, threatening to harm her if she did.[13]

K.O. testified further that when she was 14 years old Ochoa came up behind her while she was in her room and touched her breasts.[14]  K.O. pulled away and ran out the door.[15]  A year later K.O. told a friend's mother, who reported the abuse to a school

---

[7] Id. at 6, 8.

[8] Id. at 7-8.

[9] Id. at 12, 16-17, 20.

[10] Id. at 19-20.

[11] Id. at 22.

[12] Id. at 22-25.

[13] Id. at 22.

[14] Id. at 32.

[15] Id.

principal, who then contacted authorities.[16]  K.O. then went to live
with her mother and her maternal grandparents.[17]

Ochoa testified on his own behalf and denied touching his
daughter as alleged, characterizing her as a difficult teen who did
not like the fact that he would not let her wear make-up or go on
dates with boys.[18]  He described two occasions in which K.O. ran
away from home to see a boy named J.D.[19]  Ochoa acknowledged that
the home was not very stable and that he had a substantial criminal
record that included a conviction for assault involving family
violence.[20]  Ochoa's mother, Maria Morales, also acknowledged that
Ochoa had problems with alcohol and controlled substances, which
were not unusual to see in the household.[21]

_____

[16]Court Reporter's Record, vol. 3, part 1, Docket Entry
No. 40-4, pp. 100-04, 108, 151-59.

[17]Court Reporter's Record, vol. 2, part 2, Docket Entry
No. 40-3, p. 52.

[18]Court Reporter's Record, vol. 3, part 2, Docket Entry
No. 40-5, pp. 31-32, 50-51, 56-57.

[19]Id. at 38, 40.

[20]Id. at 52-56.

[21]Court Reporter's Record, vol. 3, part 2, Docket Entry
No. 40-5, pp. 6-7.

After hearing all of the evidence, the jury found Ochoa guilty as charged in both cases on September 8, 2005.[22]  On that same date the jury sentenced Ochoa to 40 years' imprisonment.[23]

## B.    Direct Appeal

On direct appeal Ochoa argued that the trial court erred by admitting hearsay testimony from the "outcry" witness because the state did not establish that the outcry statement pertained to an offense committed against a child 12 years of age or younger.[24]  The intermediate state court of appeals rejected this argument and affirmed the conviction in an unpublished opinion.  Ochoa v. State, Nos. 13-05-703-CR, 13-05-704-CR, 2006 WL 1920179 (Tex. App. — Corpus Christi-Edinburg, July 13, 2006).[25]  The Texas Court of Criminal Appeals refused Ochoa's petition for discretionary review on January 31, 2007.

## C.    State Habeas Corpus Review

On December 28, 2007, Ochoa filed a state habeas corpus Application for relief under Article 11.07 of the Texas Code of Criminal Procedure in cause number 983043.[26]  Ochoa argued that he

─────────────────

[22]Judgment on Plea Before Jury (Cause No. 983043), Docket Entry No. 27-8, p. 93; Judgment on Plea Before Jury (Cause No. 1026778), Docket Entry No. 27-9, p. 54.

[23]Id.

[24]Brief for Appellant, Docket Entry No. 27-2, p. 9.

[25]Memorandum Opinion, Docket Entry No. 27-1, pp. 7-11.

[26]Application for a Writ of Habeas Corpus (Cause No. 983043-A), Docket Entry No. 27-8, pp. 7-17.

was entitled to relief because (1) he was denied effective assistance of counsel; (2) abuse of discretion and conspiracy by the trial court, district attorney, and defense counsel; (3) violation of the sentencing guidelines; (4) newly discovered evidence to establish innocence; and (5) the charges were motivated by ill will on the part of the victim's mother.[27]  On the same day Ochoa filed a nearly identical state habeas corpus Application in cause number 1026778, asserting the same grounds for relief.[28]  The state habeas corpus court entered findings of fact and conclusions of law in both cases, recommending that relief be denied.[29]  The Texas Court of Criminal Appeals agreed and denied relief without a written order on December 31, 2008.[30]

On November 5, 2013, Ochoa filed a second set of state habeas corpus Applications in cause numbers 983043 and 1026778.[31]  Ochoa argued that he was denied effective assistance of counsel because

---

[27]Id. at 12-16.

[28]Application for a Writ of Habeas Corpus (Cause No. 1026778-A), Docket Entry No. 27-9, pp. 7-17.

[29]Respondent's Proposed Findings of Fact, Conclusions of Law and Order (Cause No. 983043-A), Docket Entry No. 27-8, pp. 70-71; Respondent's Proposed Findings of Fact, Conclusions of Law and Order (Cause No. 1026778-A), Docket Entry No. 27-9, pp. 34-35.

[30]Action Taken on Writ No. 71,028-01, Docket Entry No. 27-9, p. 2; Action Taken on Writ No. 71,028-02, Docket Entry No. 27-8, p. 2.

[31]Application for a Writ of Habeas Corpus (Cause No. 983043-B), Docket Entry No. 27-16, pp. 6-17; Application for a Writ of Habeas Corpus (Cause No. 1026778-B), Docket Entry No. 27-18, pp. 6-17.

his defense attorney had a conflict of interest and that he had
newly discovered evidence of actual innocence.[32]   The state habeas
corpus court recommended that the Applications be dismissed under
the statute that prohibits subsequent or successive writs, Tex.
Code Crim. Proc. art. 11.07, § 4(a), because Ochoa "failed to
include sufficient specific facts establishing that the current
claims could not have been presented previously because the factual
or legal basis for the claims was unavailable; or that, by a
preponderance of the evidence, no rational juror could have found
the applicant guilty beyond a reasonable doubt."[33]   The Texas Court
of Criminal Appeals agreed and dismissed the Applications on
April 23, 2014.[34]

On February 14, 2014, Ochoa filed a third set of state habeas
corpus Applications in cause numbers 983043 and 1026778.[35]   Ochoa
argued that he was entitled to relief because (1) his conviction

---

[32]Application for a Writ of Habeas Corpus (Cause No. 983043-B),
Docket Entry No. 27-16, pp. 11-12; Application for a Writ of Habeas
Corpus (Cause No. 1026778-B), Docket Entry No. 27-18, pp. 11-12.

[33]State's Proposed Findings of Fact, Conclusions of Law and
Order (Cause No. 983043-B), Docket Entry No. 27-16, p. 57; State's
Proposed Findings of Fact, Conclusions of Law, and Order (Cause
No. 1026778-B), Docket Entry No. 27-18, p. 58 (using similar
wording).

[34]Action Taken on Writ No. 71,028-07, Docket Entry No. 27-15,
p. 1; Action Taken on Writ No. 71,028-08, Docket Entry No. 27-17,
p. 1.

[35]Application for a Writ of Habeas Corpus (Cause No. 983043-C),
Docket Entry No. 27-20, pp. 6-20; Application for a Writ of Habeas
Corpus (Cause No. 1026778-C), Docket Entry No. 27-24, pp. 6-20.

was the result of perjured testimony as shown by newly discovered evidence of his innocence; (2) he was denied effective assistance of counsel; (3) his sentence was illegal and unauthorized; (4) the prosecutor tainted the victim's statement; (5) the conviction violated due process and equal protection; (6) the prosecutor suppressed favorable evidence of the victim's birth certificate; (7) he was denied effective assistance of counsel for failing to request discovery of the birth certificate; (8) the sentence is illegal and unconstitutional; and (9) trial and appellate counsel were ineffective for failing to object to the excessive sentence.[36] The Texas Court of Criminal Appeals dismissed the Applications on May 28, 2014, pursuant to Rule 73.1 of the Texas Rules of Appellate Procedure because Ochoa did not submit his claims on an authorized form.[37]

On September 23, 2014, Ochoa filed a fourth state habeas corpus Application to challenge his conviction in cause number 983043.[38] Ochoa claimed that he was entitled to relief because: (1) he was denied effective assistance of counsel; (2) the prose-cutor suppressed mitigating evidence; and (3) the judgment and

---

[36]Application for a Writ of Habeas Corpus (Cause No. 983043-C), Docket Entry No. 27-20, pp. 11-19; Application for a Writ of Habeas Corpus (Cause No. 1026778-C), Docket Entry No. 27-24, pp. 11-19.

[37]Action Taken on Writ No. 71,028-09, Docket Entry No. 27-21, p. 1; Action Taken on Writ No. 71,028-10, Docket Entry No. 27-22, p. 1.

[38]Application for a Writ of Habeas Corpus (Cause No. 983043-D), Docket Entry No. 27-26, pp. 5-21.

sentence was unauthorized and unconstitutional.[39]  The state habeas corpus court concluded that the Application should be dismissed as a successive writ.[40]  The Texas Court of Criminal Appeals agreed and dismissed the Application on December 17, 2014.[41]

## D.   Federal Habeas Review

On February 21, 2014, while Ochoa's third set of state habeas corpus Applications were still pending, Ochoa filed a Petition for a Writ of Habeas Corpus by a Person in State Custody seeking relief under 28 U.S.C. § 2254.  See Ochoa v. Stephens, Civil No. H-14-0436 (S.D. Tex.).  On February 24, 2014, the district court dismissed the petition without prejudice for lack of jurisdiction, noting that the Petition "asserts no grounds, and raises no cognizable claims, for federal habeas relief."[42]

On February 22, 2016, Ochoa executed the pending Petition, which purports to seek relief from his conviction in cause numbers 983043 and 1026778 under 28 U.S.C. § 2254.[43]  The Petition includes a "Summary Brief for Appellant Setting Forth All Grounds" ("Summary

---

[39]Id. at 10-15.

[40]State's Proposed Findings of Fact, Conclusions of Law and Order, Docket Entry No. 27-26, p. 64 (citing Tex. Code Crim. Proc. art. 11.07, § 4(a)).

[41]Action Taken on Writ No. 71,028-11, Docket Entry No. 27-25, p. 1.

[42]Order of Dismissal, Docket Entry No. 4 in Ochoa v. Stephens, Civil No. H-14-0436 (S.D. Tex.).

[43]Petition, Docket Entry No. 1, p. 11.

Brief").[44]  These pro se pleadings, which are difficult to decipher, are entitled to a liberal construction and are subject to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 92 S. Ct. 594, 596 (1972).[45]  Based on a liberal construction of the Petition and Summary Brief, the court understands Ochoa to allege the following grounds for relief:

1. The trial court lacked jurisdiction.

2. His trial attorney was deficient for failing to

   (a) challenge the lack of jurisdiction;
   (b) interview witnesses;
   (c) file pretrial motions;
   (d) move to suppress the evidence;
   (e) prepare for trial;
   (f) adequately confer with him;
   (g) subpoena material witnesses;
   (h) subpoena an investigator; and
   (i) challenge prosecutorial misconduct.

3. His appellate attorney was ineffective.

4. His sentence is excessive and unauthorized.

5. The jury instructions were erroneous.

6. The evidence was insufficient.

7. The second judgment (Cause No. 1026778) was barred by double jeopardy.

---

[44]Docket Entry No. 1, pp. 12-34.

[45]After considering Ochoa's initial submissions, the court issued an Order to Correct Deficient Pleadings, Docket Entry No. 7, directing Ochoa to re-plead using a form that has been approved for use by state prisoners seeking relief under 28 U.S.C. § 2254. Ochoa obliged, but the form petition that he filed does not list any grounds for relief.  See Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 13, pp. 1-6.

8.   He is actually innocent because the victim was not
     credible.[46]

The respondent argues that the Petition must be dismissed because
it is barred by the governing one-year statute of limitations on
federal habeas corpus review.

## II.   Discussion

## A.   The One-Year Statute of Limitations

According to the Antiterrorism and Effective Death Penalty Act
of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996),
all federal habeas corpus petitions filed after April 24, 1996, are
subject to a one-year limitations period found in 28 U.S.C.
§ 2244(d), which provides as follows:

> (d)(1)   A 1-year period of limitation shall apply to an
> application for a writ of habeas corpus by a person in
> custody pursuant to the judgment of a State court.   The
> limitation period shall run from the latest of--
>
>    (A)   the date on which the judgment became final by
>    the conclusion of direct review or the expiration
>    of the time for seeking such review;
>
>    (B)   the date on which the impediment to filing an
>    application created by State action in violation of
>    the Constitution or laws of the United States is
>    removed, if the applicant was prevented from filing
>    by such State action;
>
>    (C)   the date on which the constitutional right
>    asserted was initially recognized by the Supreme
>    Court, if the right has been newly recognized by

---

[46]Petition, Docket Entry No. 1, pp. 5-10; Summary Brief, Docket
Entry No. 1, pp. 14, 16-33.

the Supreme Court and made retroactively applicable
to cases on collateral review; or

(D)  the date on which the factual predicate of the
claim  or  claims  presented  could  have  been
discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Because the pending Petition was filed
well after April 24, 1996, the one-year limitations period applies.
See Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998)
(citation omitted).

To the extent that Ochoa challenges state court judgments of
conviction, the statute of limitations began to run pursuant to
§ 2244(d)(1)(A) when the challenged judgments became final.  As
noted above, Ochoa's convictions were affirmed on direct appeal in
2006, see Ochoa v. State, Nos. 13-05-703-CR, 13-05-704-CR, 2006
WL 1920179 (Tex. App. — Corpus Christi-Edinburg, July 13, 2006),[47]
and the Texas Court of Criminal Appeals refused his petition for
discretionary review on January 31, 2007.  Because Ochoa did not
seek certiorari review in the United States Supreme Court, the
judgments in cause number 983043 and 1026778 became final no later
than May 1, 2007, ninety (90) days after the Texas Court of
Criminal Appeals refused Ochoa's petition for discretionary review.
See Gonzalez v. Thaler, 132 S. Ct. 641, 644, 647 (2012) (noting
that where Supreme Court review is not sought a conviction becomes
final "when the time for seeking further direct review in the state

---

[47]Memorandum Opinion, Docket Entry No. 27-1, pp. 7-11.

-13-

court expires"). The statute of limitations therefore expired one year later on May 1, 2008. The pending Petition, executed on February 22, 2016, is late by nearly eight years and is therefore barred from federal review by the governing statute of limitations unless Ochoa establishes that an exception applies.

**B.   Statutory Tolling**

A habeas petitioner may be entitled to statutory tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), which provides that the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. The respondent concedes that Ochoa is entitled to statutory tolling for the first set of habeas corpus Applications that he filed in state court. Those Applications, filed by Ochoa on December 28, 2007,[48] and denied by the Texas Court of Criminal Appeals on December 31, 2008,[49] extend or toll the statute of limitations for a total of 370 days, up to and including May 6, 2009.[50]

---

[48]Application for a Writ of Habeas Corpus (Cause No. 983043-A), Docket Entry No. 27-8, pp. 7-17.

[49]Action Taken on Writ No. 71,028-01, Docket Entry No. 27-9, p. 2; Action Taken on Writ No. 71,028-02, Docket Entry No. 27-8, p. 2.

[50]Respondent's Motion, Docket Entry No. 26, p. 9.

-14-

The remaining state habeas corpus Applications filed by Ochoa on November 5, 2013,[51] February 14, 2014,[52] and September 23, 2014,[53] do not toll the limitations period under § 2244(d)(2) because they were filed after the period of limitations expired.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Likewise, the first federal habeas corpus petition filed by Ochoa does not extend the limitations period.  See Ochoa v. Stephens, Civil No. H-14-0436 (S.D. Tex.).  Federal habeas corpus proceedings do not qualify as "state" habeas or other collateral review for purposes of § 2244(d)(2).  See Duncan v. Walker, 121 S. Ct. 2120, 2129 (2001).  Accordingly, the time during which Ochoa's first federal habeas corpus proceeding was pending between February 21 and February 24, 2014, does not count for purposes of statutory tolling.

Ochoa does not allege or show that any other valid basis for statutory tolling exists.  To the extent that claims one through seven concern errors that occurred at trial, those claims are barred from federal review by the statute of limitations.  Ochoa's

---

[51]Application for a Writ of Habeas Corpus (Cause No. 983043-B), Docket Entry No. 27-16, pp. 6-17; Application for a Writ of Habeas Corpus (Cause No. 1026778-B), Docket Entry No. 27-18, pp. 6-17.

[52]Application for a Writ of Habeas Corpus (Cause No. 983043-C), Docket Entry No. 27-20, pp. 6-20; Application for a Writ of Habeas Corpus (Cause No. 1026778-C), Docket Entry No. 27-24, pp. 6-20.

[53]Application for a Writ of Habeas Corpus (Cause No. 983043-D), Docket Entry No. 27-26, pp. 5-21.

eighth claim, in which he alleges that he is actually innocent, is also time-barred for reasons discussed separately below.

## C.   Actual Innocence

In support of his actual-innocence claim, Ochoa presents several pieces of "newly discovered evidence" that he reportedly did not learn about until after his trial.   To the extent that Ochoa contends that he has newly discovered evidence of his actual innocence, the statute of limitations on his claim began to run pursuant to 28 U.S.C. § 2244(d)(1)(D) from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

In support of his claim of actual innocence Ochoa presents the following pieces of evidence:   (1) an itemized bill from the investigator appointed to assist Ochoa's defense counsel, which is dated January 21, 2005;[54] (2) a statement from two of the victim's cousins, Irma Sanchez and Esiquel Garcia, which is dated August 15, 2007;[55] (3) a letter from Ochoa's mother, Maria Morales, which is dated "Friday 13th 2012;[56] (4) a statement dated April 12, 2012,

---

[54]Docket Entry No. 1, p. 41.  A cleaner copy of the invoice is attached to Ochoa's fourth state habeas corpus Application, Docket Entry No. 27-26, p. 47.

[55]Docket Entry No. 1, p. 38.

[56]Docket Entry No. 1, p. 39.

from a woman named Valentina Luna;[57] and (5) a statement dated April 24, 2013, from a woman named Sandy San Miguel.[58] The record reflects that most of this evidence was submitted in support of one or more of Ochoa's state habeas corpus Applications,[59] the last of which was dismissed on December 17, 2014.[60] To the extent that Ochoa had this evidence in his possession by late 2014 at the latest, the statute of limitations on federal habeas review expired pursuant to 28 U.S.C. § 2244(d)(1)(D) in 2015, well before Ochoa executed the pending federal habeas corpus Petition on February 22, 2016. As a result, Ochoa's purported claim of actual innocence is untimely. More importantly, the evidence, which is summarized briefly below, does not otherwise support a claim of actual innocence or excuse Ochoa's failure to comply with the statute of limitations.

Actual innocence, if proven, may excuse a failure to comply with the one-year statute of limitations on federal habeas corpus review. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). To be credible a petitioner must support a claim of actual

---

[57]Docket Entry No. 1, pp. 42-43.

[58]Docket Entry No. 1, p. 37.

[59]Application for a Writ of Habeas Corpus (Cause No. 983043-A), Docket Entry No. 27-8, p. 21 (statement from Sanchez and Garcia); Application for a Writ of Habeas Corpus (Cause No. 983043-B), Docket Entry No. 27-16, pp. 40-41 (statements from San Miguel and Luna); Application for a Writ of Habeas Corpus (Cause No. 983043-D), Docket Entry No. 27-26, p. 47 (investigator's bill).

[60]Action Taken on Writ No. 71,028-11.

innocence with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." <u>Schlup v. Delo</u>, 115 S. Ct. 851, 865 (1995).   To prevail on such a claim a petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." <u>Id.</u> at 867.

## 1.   <u>Investigator's Bill</u>

Ochoa points to the itemized bill from the investigator who was appointed to assist defense counsel and notes that the investigator interviewed an individual named "J.D.," who was identified as James Douglas Perez.[61] Ochoa argues that the victim ran away to be with J.D. and that this shows that she was a "troubled teen."[62]   The record reflects that this information was available at trial in 2005, where defense counsel cross-examined K.O. about J.D. and whether she ran away to be with him.[63]   To the extent that this information concerns the victim's credibility, but not the actual substance of her testimony, the bill has no exculpatory value and does not demonstrate Ochoa's actual innocence.

_____

[61]Docket Entry No. 1, p. 41.

[62]Summary Brief, Docket Entry No. 1, p. 23.

[63]Court Reporter's Record, vol. 3, part 1, Docket Entry No. 40-4, pp. 29-30, 74-75.

2.    Statement from Irma Sanchez and Esiquel Garcia

In their joint statement Irma Sanchez and Esiquel Garcia assert that the victim lied about whether her grandfather dropped her off down the street or in front of her house on an unspecified occasion.[64]  Sanchez and Garcia then accompanied the victim inside the house, where they did not see Ochoa grab the victim in a sexual manner.[65] The statement from Sanchez and Garcia, which does not specify any date or time, is too vague to be considered trustworthy or reliable.  More importantly, it does not directly refute the victim's detailed testimony that Ochoa molested her when she was 7 years of age and again when she was 12.  Thus, the statement from Sanchez and Garcia does not constitute proof of actual innocence.

3.    Letter from Maria Morales

The letter from Ochoa's mother, Maria Morales, states that Ochoa was a strict parent but always attended every school function for his children.[66]  Morales states further that the victim was coerced by an unidentified person and that it was a mistake to convict her son.[67]  Since Morales testified as a witness at trial in 2005, this information is not new.[68]  More importantly, the

---

[64]Docket Entry No. 1, p. 38.

[65]Id.

[66]Docket Entry No. 1, p. 39.

[67]Id.

[68]Court Reporter's Record, vol. 3, part 1, Docket Entry No. 40-4, pp. 240-252; Court Reporter's Record, vol. 3, part 2, Docket Entry No. 40-5, pp. 1-14.

letter does not refute any of the testimony given at trial and does not constitute proof of actual innocence.

### 4.   Statement from Valentina Luna

Valentina Luna professes in her statement that Ochoa was a friend, a "humanitarian," and an outstanding father, who never displayed ill will toward anyone.[69]  The statement does not address the allegations of sexual abuse or refute any of the victim's detailed testimony given at trial.   Accordingly, it does not constitute proof of actual innocence.

### 5.   Statement from Sandy San Miguel

Sandy San Miguel provides a statement that appears to address the victim's testimony that Ochoa grabbed her breasts on one occasion when she was 14 years of age.[70]  San Miguel notes that she was with Ochoa "for a great while at his home on that day" and concludes that "he could not have done anything wrong because he was with me on the sofa."[71]  San Miguel does not say that she was with Ochoa for the entire day and thus her statement does not exclude the possibility that Ochoa inappropriately touched the victim at some point.   Because it does not directly refute the victim's testimony, this statement also fails to establish proof of actual innocence.

---

[69]Docket Entry No. 1, pp. 42-43.

[70]Docket Entry No. 1, p. 37.

[71]Id.

None of the evidence presented by Ochoa directly refutes the substance of the victim's testimony or undermines the jury verdict. Based on this record Ochoa has not shown "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup, 115 S. Ct. at 867. Because Ochoa has failed to prove his actual innocence, he has not established that he is entitled to equitable tolling of the statute of limitations. Absent a valid basis for tolling the statute of limitations, the Petition will be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

## D.   Petitioner's Motions

Ochoa has filed several motions in this case. Ochoa appears to request a copy of his trial transcript under the Texas Open Records Act and the Texas Code of Criminal Procedure.[72] He requests leave to amend his Petition to supplement his allegation that he was denied effective assistance of counsel at trial.[73] He also requests appointment of counsel, a bench warrant to attend a hearing, and a new trial on the charges against him.[74] None of Ochoa's motions have merit. Because the Petition is time-barred, Ochoa's motions will be denied.

---

[72]Petitioner's Discovery Motion, Docket Entry No. 30.

[73]Petitioner's Motion for Leave, Docket Entry No. 31; Petitioner's Motion to Amend, Docket Entry No. 32.

[74]Petitioner's Motion for Appointment of Counsel, Docket Entry No. 36; Motion for Bench Warrant, Docket Entry No. 37; Motion for New Trial, Docket Entry No. 38.

### III.  <u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Tennard v. Dretke</u>, 124 S. Ct. 2562, 2565 (2004) (quoting <u>Slack v. McDaniel</u>, 120 S. Ct. 1595, 1604 (2000)).  Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, <u>sua</u> <u>sponte</u>, without requiring further briefing or argument. <u>See</u> <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000).  For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief.  Therefore, a certificate of appealability will not issue.

## IV.  Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1.  Respondent's Motion to Dismiss (Docket Entry
    No. 26) is **GRANTED**.

2.  The Petition for a federal writ of habeas corpus
    (Docket Entry No. 1) filed by Esequiel Ochoa is
    **DISMISSED with prejudice** as barred by the one-year
    statute of limitations.

3.  Petitioner's First Motion to Obtain Documents and
    Records of Hearing and Transcripts . . . (Docket
    Entry No. 30); "Petitioner's First Motion for Leave
    of Court to Amend His Complaint/Ground Under
    Rule 15(A) Federal Rules of Civil Procedures"
    (Docket Entry No. 31); "Petitioner's First Motion
    Amending to His Complaint-Ground Pursuant to Fed.
    Rules Civil Proc. 15(A)" (Docket Entry No. 32);
    Motion for Appointment of Counsel Pursuant to 18
    [U.S.C.] § 3006A(g) and (2)(B) (Docket Entry
    No. 36); Motion for Bench Warrant (Docket Entry
    No. 37); Motion for New Trial (Docket Entry
    No. 38); and Motion for Objection/Miscarriage of
    Justice (Docket Entry No. 41) are **DENIED**.

4.  A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and
Order to the parties.

**SIGNED** at Houston, Texas, on this 19th day of October, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-23-